FILED

NOT FOR PUBLICATION

MARCH 31 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SOUTH COAST OIL CORPORATION, <br><br> Debtor, <br> <hr> <br> JOSEPH M. PALLADINO, individually and in his capacity as Trustee for the Alfred Joseph Palladino 1994 Trust; and BG/ANGUS JOINT VENTURE, <br><br> Appellants, <br><br> v. <br><br> SOUTH COAST OIL CORPORATION; JAMES J. JOSEPH, Chapter 11 Trustee for the Bankruptcy Estate of South Coast Oil Corporation, E&B NATURAL RESOURCES MANAGEMENT CORPORATION; and ELYSIUM WEST, LLC, <br><br> Appellees. | No. 12-56014 <br><br> D.C. No. 8:11-cv-01598-JVS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 12, 2014
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

Joseph Palladino ("Palladino") appeals the district court's dismissal of his appeal challenging the bankruptcy court's order authorizing the Chapter 11 trustee to use the estate's interest in the stock of Angus Petroleum Corporation ("Angus") to vote in favor of an agreement between Angus and several third parties, including Elysium West, LLC ("Elysium"), settling various state law claims.[1]

"We review de novo the district court's decision on appeal from the bankruptcy court, applying the same standards applied by the district court, without deference to the district court." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). "The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." *Id.* We affirm.

---

[**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

[1] On March 5, 2014, Bob Grayson, individually and on behalf of the BG/Angus Joint Venture, and appellees jointly moved to dismiss the appeal as to the BG/Angus Joint Venture. We grant the motion in a separate order. *See* Fed. R. App. P. 42(b).

2

We note at the outset that the bankruptcy court possessed jurisdiction under 28 U.S.C. § 157 to authorize the trustee to use the estate's interest in Angus stock. *See* § 157(b)(2)(M) (conferring jurisdiction to enter "orders approving the use or lease of property"). Despite Palladino's protestations to the contrary, neither the trustee nor the bankruptcy court directly negotiated or approved the settlement agreement. The parties to the settlement agreement simply conditioned their agreement upon the entry of an order by the bankruptcy court that the decision to enter into the agreement was within the purview of Angus's management, or in the alternative, that the trustee was authorized to vote the estate's shares in favor of the agreement. The bankruptcy court issued an order along the lines of the latter.

Palladino's appeal is unquestionably equitably moot under the test set forth in *In re Thorpe Insulation Co.*, 677 F.3d at 881. First, neither Palladino nor any other objector diligently sought a stay pending appeal—in fact, they never sought a stay or emergency relief of any kind from the district court, this court, or the Circuit Justice. We find that this fact weighs heavily, if not conclusively, in support of the conclusion that the present appeal is equitably moot. *See id.* ("A failure to seek a stay can render an appeal equitably moot."). Second, there has been a comprehensive change in circumstances since the bankruptcy court's authorization order: the trustee voted the shares in favor of the settlement agreement, the parties to the litigation settled their state law claims with prejudice,

3

the parties exchanged a cash settlement, and the estate sold its interest in Angus stock to Elysium, one of Angus's opponents in the settled state litigation.[2]  Third, although most of the affected parties are before the court on appeal, one party, XTO Offshore, Inc. ("XTO"), is not a party to this appeal, so any decision on appeal would be inequitable with respect to XTO's interests.  Finally, the events set into motion by the bankruptcy court's authorization order are "so complex [and] difficult to unwind" that it would be impossible for the bankruptcy court on remand to fashion an effective and equitable remedy.  *See Lowenschuss v. Selnick (In re Lowenschuss)*, 170 F.3d 923, 933 (9th Cir. 1999).[3]  We therefore conclude that the appeal is equitably moot and decline to address the merits of the appeal.

**AFFIRMED.**

---

[2] We also decide today in a related appeal that Palladino's appeal challenging the estate's sale of Angus stock to Elysium is itself moot under 11 U.S.C. § 363(m).  *See Palladino v. E&B Natural Res. (In re S. Coast Oil Corp.)*, No. 12-56043 (9th Cir. March 25, 2014).

[3] Even if Palladino is correct that the trustee may be held personally liable for his actions, such liability would exist regardless of whether we upset the bankruptcy court's authorization order on appeal.

4